Owen- McGtvebet, J.
The petitioner, the owner of 1,750 shares of the common stock of Stern Brothers, seeks the court’s aid in an appraisal of her stock, 98% of which is held by the respondent. The petitioner is aggrieved because in the course of a consolidation between Allied Stores and Stern Brothers, Allied, pursuant to section 85 of the Stock Corporation Law, sent a notice to all minority stockholders offering the sum of $24 per share for the surrender of each share of Stern’s stock. Of the 180,651 shares outstanding, there were no dissenting minority stockholders except the petitioner who has elected to have her shares appraised pursuant to section 21 of the Stock Corporation Law.
Accordingly, an appraiser was appointed by this court and his report is now the subject of the instant motion to modify, brought by the petitioner, and a cross motion to modify brought by the respondents, neither of whom is satisfied. The appraiser has recommended that the court determine that the fair market value of the subject stock be fixed at $27.50 per share. The petitioner claims that the stock is worth $50 per share. The respondents assert that $9.88 per share is the proper valuation.
This court believes that the appraiser has given adequate consideration to the three elements of value which should be taken into account in determining the fair market value of Stern Brothers on the valuation date, in accordance with the provisions of section 21 of the Stock Corporation Law and the cases interpreting said statute. His report indicates a consideration of the contentions of each side and a weighing of the three elements of value which should be taken into account in determining the fair market value, viz., market value, investment value and net asset value. The court is persuaded that the appraiser’s figure is fair and equitable, and the appraiser’s report is therefore confirmed in all respects and the motions, *749 insofar as they seek to modify the appraiser’s report as to the value of Stern Brothers’ stock are herein denied.
An order should be submitted directing the entry of judgment against Allied Stores in favor of the petitioner Ruth K. Dorsey for the value of her shares, in the amount of $48,125, with interest at the rate of 6% from July 22, 1959, upon surrender of 1,750 shares of Stern Brothers’ stock to Allied Stores, said certificates being duly indorsed in blank and in transferable form, accompanied by evidence of payment of stock transfer stamps.
The petitioner’s motion also seeks to assess the costs and expenses of the proceedings incurred by the petitioner against Allied Stores, which includes reasonable compensation to the expert witnesses employed by the petitioner at the appraisal hearings. The respondents object to payment of any of said expenses on the ground that subdivision 5 of section 21 provides for the payment of expenses to the petitioner only when ‘ ‘ the value of the stock as determined in the proceeding shall materially exceed whatever amount the corporation may have offered to pay therefor”. They claim that the increase of $3.50 per share, the difference between the appraiser’s valuation of the stock and the $24 offer made by the respondent, is not materially in excess of said offer, within the purview of the statute. The excess of the appraiser’s value of Ruth K. Dorsey’s stock over the offer made by the company amounts to $6,125. The court, in its discretion, is of the opinion that this amount is not inconsiderable and entitles the petitioner to reasonable expenses involved in the prosecution of the appraisal proceeding. These expenses are principally for services of experts. Two of the experts, both professors of finance at Columbia, testified substantially regarding the same material. Settle order, at which time applications will be entertained for the fixation of all allowances.